# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARTHUR DURAN,

    **Plaintiff,**

vs.                                    **No. CIV 98-1508 JP/LCS**

DEAN CARRIS, et al.,

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Defendants' Motion for Sanctions, Attorney Fees and Costs Against Plaintiff's Counsel *(Doc. 53)*, filed March 30, 2000. The United States Magistrate Judge, having considered the motion, the memoranda of the parties, and the relevant law, proposes finding that Defendants' motion is not well taken, and recommends that it be **denied**.

<u>Proposed Findings</u>

1. On February 29, 2000, Judge James A. Parker dismissed Plaintiff's federal law claims with prejudice, declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismissed Plaintiff's state law claims without prejudice. *See* Mem. Op. & Order *(Doc. 51)*, filed Feb. 29, 2000. There is no question that Defendants are the prevailing party in this litigation.

1

2. Prior to Judge Parker's February 29, 2000 Order that dismissed this action, Senior Judge Bratton granted Plaintiff's motion to file a second amended complaint, and denied Defendants' motion for sanctions at that time. *See* Order *(Doc. 38)*, entered Oct. 8, 1999; Order *(Doc. 37)*, entered Aug. 17, 1999. Plaintiff filed a Second Amended Complaint *(Doc. 39)* on Oct. 8, 1999.

3. Defendants seek sanctions in the form of attorney fees and costs against Plaintiff's counsel for pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent equitable powers to sanction attorneys for bad faith conduct. The so-called "safe harbor" provision of Federal Rule of Civil Procedure 11(c)(1)(A) requires that a party seeking sanctions must serve a copy on the party who filed a challenged paper 21 days before filing the motion to allow the party the opportunity to withdraw the paper. Defendants did not serve the Rule 11 sanctions motion on Plaintiff in a timely manner so as to allow Plaintiff the opportunity to withdraw the Second Amended Complaint before Judge Parker ruled on the Motion to Dismiss. The methods by which Defendants claim to have placed Plaintiff on notice of the possibility of Rule 11 sanctions (e.g., raising challenges to the legal sufficiency of Plaintiff's complaint and requesting attorney fees as affirmative defenses and in their motions to dismiss) do not substantially comply with the "safe harbor" provision. Therefore, I find that Rule 11 sanctions are inappropriate.

4. Under 28 U.S.C. § 1927, a Court may award costs, expenses and attorney fees against any attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. An award of attorney fees should be made under this statute only for extreme conduct that evidences a serious disregard for the justice system or an attorney's duties to the Court. *See White v.*

*American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990). Defendants have not demonstrated that Plaintiff's conduct rises to this level. In particular, the Court notes that the proceedings in this case have not been unduly protracted, and Defendants have not demonstrated that Plaintiff vexatiously multiplied the proceedings.

    5.    Under the so-called "American Rule," an award of attorney fees pursuant to a court's inherent equitable powers or for bad faith is to be imposed only in exceptional cases. *See United States v. 2,116 Boxes of Boxed Beef*, 726 F.2d 1481, 1488 (10th Cir. 1984). Even frivolous or improvidently filed lawsuits will not necessarily invoke the bad faith exception. *See id.* I find that Defendants have not demonstrated that attorney fees should be awarded under this exception.

    6.    Defendants have failed to demonstrate any other grounds for which attorney fees may be appropriate under Federal Rule of Civil Procedure 54.

    7.    The costs included in Defendants' motion consist of Westlaw charges, copying, mailing, postage, telephone and courier. None of these costs are taxable under Local Rule D.N.M. LR-Civ. 54.2 or 28 U.S.C. § 1920.

Recommended Disposition

I recommend that Defendants' Motion for Sanctions, Attorney Fees and Costs Against Plaintiff's Counsel *(Doc. 53)* be denied. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States

District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaMagistrateJudge\98-1508 atty fees pfd